Brad Beherns (SBN 276651)
Bbeherns@piteduncan.com
Arnold L. Graff (SBN 269170)
agraff@piteduncan.com
**PITE DUNCAN, LLP**
4375 Jutland Drive, Suite 200
P.O. Box 17933
San Diego, CA 92177-0933
Telephone: (858) 750-7600
Facsimile: (619) 590-1385

Attorneys for   Wells Fargo Bank, NA

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA - SANTA ROSA DIVISION

| In re | Case No. 12-12622 |
|---|---|
| WALTER FERNANDO MARTINEZ AND ROSA ELBA MARTINEZ, | Chapter 13 |
| | **OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN** |
| Debtors. | 341(a) MEETING:<br>DATE:       November 13, 2012<br>TIME:        11:00 AM<br>PLACE:     Santa Rosa US Trustee Office |
| | CONFIRMATION HEARING:<br>DATE:       December 12, 2012<br>TIME:        1:30 PM<br>CTRM:     Santa Rosa Courtroom - Jarslovsky |

Wells Fargo Bank, NA[1] (hereinafter "Creditor"), secured creditor of the above-entitled Debtors, Walter Fernando Martinez and Rosa Elba Martinez (hereinafter "Debtors"), hereby objects to the Chapter 13 Plan filed by Debtors in the above-referenced matter. Wells Fargo Home Mortgage acts as the servicing agent for Creditor. The basis of the objection is stated below:

**/././**

---

[1] This Objection to Confirmation of Chapter 13 Plan shall not constitute a waiver of the within party's right to receive service pursuant to Fed. R. Civ. P. 4, made applicable to this proceeding by Fed. R. Bankr. P. 7004, notwithstanding Pite Duncan, LLP's participation in this proceeding. Moreover, the within party does not authorize Pite Duncan, LLP, either expressly or impliedly through Pite Duncan, LLP's participation in this proceeding, to act as its agent for purposes of service under Fed. R. Bankr. P. 7004.

- 1 -                                                                                     CASE NO. 12-12622
**OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN**

# I.

## **STATEMENT OF FACTS**

1. On or about July 23, 2008, Debtors, for valuable consideration, made, executed and delivered to Creditor a Promissory Note in the principal sum of $417,000.00 (the "Note"). Pursuant to the Note, Debtors are obligated to make monthly principal and interest payments. A copy of the Note is attached hereto as **Exhibit A** and incorporated herein by reference.

2. On or about July 23, 2008, Debtors made, executed and delivered to Creditor a Deed of Trust (the "Deed of Trust") granting Creditor a security interest in certain real property located at 19 Black Duck Court, American Canyon, California 94503-1380 (hereinafter the "Subject Property"), which is more fully described in the Deed of Trust. The Deed of Trust was recorded on August 7, 2008, in the official records of the NAPA County Recorder's office. A copy of the Deed of Trust is attached hereto as **Exhibit B** and incorporated herein by reference.

3. On or about September 28, 2012, Debtors filed a Chapter 13 bankruptcy petition. Debtors' Chapter 13 Plan provides for payments to the Trustee in the sum of $250.00 per month for sixty (60) months. However, the Debtors' Chapter 13 Plan makes no provision for the cure of Creditor's pre-petition arrears.

4. Creditor is in the process of finalizing its Proof of Claim in this matter. The estimated pre petition arrearage on Creditor's secured claim is in the sum of $1,714.42.

5. Debtors will have to increase the payment through the Chapter 13 Plan to this Creditor to approximately $28.57 monthly in order to cure Creditor's pre-petition arrears over a period not to exceed sixty (60) months.

Creditor now objects to the Chapter 13 Plan filed herein by the Debtors.

/././
/././
/././
/././
/././
/././

# II.

# ARGUMENT

Application of the provisions of 11 United States Code section 1325 determines when a plan shall be confirmed by the Court. Based on the above sections, as more fully detailed below, this Plan cannot be confirmed as proposed.

**A. DOES NOT MEET FULL VALUE REQUIREMENT**
11 U.S.C. § 1325(a)(5)(B)(ii).

The amount of arrearage in Debtors' Chapter 13 Plan is incorrect. The pre-petition arrears specified in the Chapter 13 Plan are $0.00. The actual pre-petition arrears equal $1,714.42, based on Creditor's Proof of Claim. As a result, the Plan fails to satisfy 11 U.S.C. § 1325(a)(5)(B)(ii).

**B. PROMPT CURE OF PRE-PETITION ARREARS**
11 U.S.C. § 1322(d).

Debtors will have to increase the payment through the Chapter 13 Plan to this Creditor to approximately $28.57 monthly in order to cure Creditor's pre-petition arrears over a period not to exceed sixty (60) months.

**C. FEASIBILITY**
11 U.S.C. § 1325(a)(6); 11 U.S.C. § 1322(d).

Debtors' Schedule J indicates that the Debtors have disposable income of $250.00. However, Debtors will be required to apply $278.57 monthly to the Chapter 13 Plan in order to provide for a prompt cure of Creditor's pre-petition arrears. Debtors lack sufficient monthly disposable income with which to fund this Plan.

WHEREFORE, Creditor respectfully requests:

1. That confirmation of the Debtors' Chapter 13 Plan be denied;

2. That Debtors' case be dismissed;

3. Alternatively, that the Plan be amended to reflect that the pre-petition arrears listed in Creditor's Proof of Claim be paid within a period not exceeding 60 months; and

4. Alternatively, that the Plan be amended to reflect that Creditor maintains a fully secured claim which is subject to an Adequate Protection Order requiring the Debtors to maintain current

1 | Plan payments to the Chapter 13 Trustee; and

2 |     5. For such other and further relief as this Court deems just and proper.

Respectfully submitted,

PITE DUNCAN, LLP

Dated: October 22, 2012       /s/ *Brad Beherns*  (SBN 276651)
                              Attorneys for Movant Wells Fargo Bank, NA